UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

FEDERAL INSURANCE COMPANY, an Indiana
Corporation,

       Plaintiff,

vs.                                  CASE NO:   8:10-cv-00591-JDW-AEP

ROBERT STALLINGS, as Personal
Representative of the ESTATE OF TINA
COPELAND STALLINGS, a Florida decedent;
MATT COPELAND, as Personal Representative
of the ESTATE OF CAMI COPELAND, a Florida
decedent; and ROBIN WILLIS as Personal
Representative of the ESTATE OF THOMAS SCOTT
LONG, a Florida decedent,

       Defendants.
_____/

## MOTION TO DISMISS INTERPLEADER COMPLAINT AND SUPPORTING MEMORANDUM

Defendant, ROBERT STALLINGS, as Personal Representative of the ESTATE OF TINA COPELAND STALLINGS, pursuant to Federal Rules of Civil Procedure 12(b)(6), moves to dismiss the Complaint for failure to state a claim upon which relief can be granted.  More specifically, Defendant shows the following.

The Plaintiff, FEDERAL INSURANCE COMPANY, alleges that it provided liability coverage to its insured, Citrus Aviation, Inc.  The policy had a limit of liability for each occurrence of One Million Dollars.  On October 23, 2009, an aircraft owned and operated by Citrus Aviation crashed near Zephyrhills, killing all three occupants, Thomas Scott Long, Tina Copeland Stallings, and Cami Copeland.  Plaintiff seeks to maintain this interpleader action and pay its limits into the Court registry.  FEDERAL claims that it may be subject to "multiple liability by competing and/or conflicting claims

made by the Defendants", and the interpleader action is thus necessary "to protect against multiple and competing claims as well as exposure to double or multiple liability."  (See Complaint, paragraph 22).  FEDERAL seeks an order from the Court which would compel each of the competing Estates to settle on an apportionment amongst themselves, or else sue one another to do so.  FEDERAL also seeks an injunction from the Court which would prevent the Estates from suing the tortfeasors that caused their deaths, as well as an injunction preventing the Estates from ever suing FEDERAL.  Finally, FEDERAL asks the Court to discharge it from any further liability "arising from or relating in any manner to their policy", which presumably would include excess or bad faith claims as well.

The interpleader action should be dismissed.  The law in Florida is clear that such an interpleader action is inappropriate.  An insurance company may not discharge its obligations by depositing a sum of money and saying to the courts, "divide it up." *Hernandez v. Traveler's Insurance Co.,* 356 So.2d 1342 (Fla. 3d DCA 1978).  An interpleader action is appropriate when the stakeholder should be liable to only one of the claimants.  The fact that an insurance company may be liable to multiple claimants does not expose it to "double or multiple liability" to any single claimant.

WHEREFORE, Defendant ROBERT STALLINGS, as Personal Representative of the ESTATE OF TINA COPELAND STALLINGS, moves to dismiss the Complaint for Interpleader.

## **MEMORANDUM**

The Plaintiff, FEDERAL INSURANCE COMPANY, files its Complaint for Rule 22

2

Interpleader and alleges that it provided a single limit liability policy to its insured, Citrus Aviation, Inc. The Compliant goes on to allege that on October 23, 2009, an airplane owned and operated by Citrus Aviation, Inc. went down near Zephyrhills, killing the three occupants, Thomas Scott Long, Tina Copeland Stallings, and Cami Copeland. FEDERAL claims that all three Estates have filed competing demands on its One Million Dollar policy limit. After an unsuccessful mediation, FEDERAL now seeks an order from the Court requiring the competing Estates to settle their apportionment claims or otherwise sue each other to resolve the matter. It also asks for an order preventing each Estate from suing any of the at fault parties, or even from suing Federal Insurance Company. Finally, FEDERAL asks that the Court discharge it from any liability from any claims whatsoever relating to its policy, which would presumably include any claims for bad faith.

In deciding a Rule 12(b)(6) motion to dismiss, the court must limit its consideration to well pleaded factual allegations, documents central to a reference in the complaint, and matters judicially noticed. *LaGrasta v. First Union,* 358 F.3d 840, 845 (11th Cir. 2004). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). In diversity actions, the court must apply the substantive law of the forum state. *Erie RR v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Here, the remedy requested by FEDERAL is extraordinary, and there is no basis in the law to allow it. An insurance company has no authority to prohibit a claimant from

suing the at fault party. Nor, is there any authority which permits an insurance company to compel competing claimants to agree to an apportionment of the policy, or otherwise sue one another to resolve the matter. Finally, FEDERAL has a duty of good faith to fully investigate all claims, settle as many as possible, minimize the magnitude of possible excess judgments, and keep its insured informed. *General Security National Insurance Co. v. Marsh,* 303 F.Supp. 2d 1321, 1325 (M.D. Fla. 2004). FEDERAL can and will be held liable for its bad faith in failing to settle theses claims and cannot escape that liability by an interpleader action.

In Florida, the law is clear that an insurance company cannot absolve itself of its responsibilities by simply filing an interpleader action. In *Hernandez v. Travelers Ins. Co.,* 356 So.2d 1342 (Fla. 3d DCA 1978), the court was faced with the same scenario. There, Travelers' insured was involved in an automobile accident, causing injuries to several persons. Travelers was unable to determine the amounts to pay, and instituted an interpleader action where it essentially asked for the same relief that FEDERAL claims here. *Ibid* at 1343. Although the trial court denied the defendant's motion to dismiss, the state appellate court reversed. It observed that "an essential prerequisite to an interpleader is that the stakeholder 'should actually be liable to only one of the claimants.' The purpose of an interpleader is not to prevent the risk of two recoveries being made, but rather to prevent the vexation of two suits." *Ibid* at 1344. The court went on to hold:

> "When an individual (in this case an insurance company)
> has potential liabilities in varying amounts to several other
> individuals, the reason for interpleader does not exist.
> The individual having the liability may be convenienced,

4

> but the prospective claimants will not be so convenienced because the claimants are deprived of the right to pursue their own claims and are forced into antagonist positions with the other claimants. . . .  The plaintiff insurance company has only the derivative liability from its insured.  One of its liabilities is to defend its insured in the courts.  It may not discharge that liability by depositing a sum of money and saying to the courts, 'divide it up.'  If the defendants were all claiming the proceeds of a single fund and liability could exist as to only one of the claimants, an interpleader would be appropriate.  In the present case, one action cannot determine the entire controversy and liability may exist as to more than one claimant." *Ibid.*

The same situation is true here.  FEDERAL's insured, Citrus Aviation, Inc., does not face multiple liability to any single claimant.  Nor does it face a single liability for which multiple parties make claim.  It faces multiple liabilities to multiple claimants.  The Complaint should therefore be dismissed, and the relief sought by the Plaintiff should be denied in its entirety.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 6, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Dennis M. O'Hara, Esq., 515 E. Las Olas Boulevard, SunTrust Center, Suite 1400, PO Box 14460, Ft. Lauderdale, FL 33302.  I further certify that I mailed the foregoing document by first class mail to Dennis M. O'Hara, Esq.

> By /s/ Jonathan B. Trohn
> JONATHAN B. TROHN
> FL BAR #0880558
> Valenti, Campbell, Trohn, Tamayo & Aranda, P.A.
> 1701 South Florida Avenue
> Lakeland, Florida  33803
> (863) 686-0043
> Facsimile:  (863)616-1445
> Email: j.trohn@vcttalawyers.com
> Attorneys for Defendant, Robert Stallings, as Personal Representative of the Estate of Tina Copeland Stallings

5