## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

---

FEDERAL INSURANCE COMPANY, an
Indiana corporation,

      Plaintiff,

vs.                                                     Case No. 8:10-cv-00591-JDW-AEP

ROBERT STALLINGS, as Personal
Representative of the ESTATE OF TINA
COPELAND STALLINGS, a Florida
decedent; MATT COPELAND, as
Personal Representative of the ESTATE OF
CAMI COPELAND, a Florida decedent;
And ROBIN WILLIS, as Personal
Representative of the ESTATE OF THOMAS
SCOTT LONG, a Florida decedent,

      Defendants.

---

### MOTION OF THE DEFENDANT, ROBIN WILLIS, AS
### PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS SCOTT LONG, TO DISMISS THE PLAINTIFF'S COMPLAINT
### PURSUANT TO FED.R.CIV.P 12(b)(6) AND SUPPORTING MEMORANDUM

    The defendant, Robin Willis, Personal Representative of the Estate of Thomas Scott Long, by and through her attorney, Craig A. Laporte, Proly, Laporte and Mulligan, P.A., moves this Court to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, plaintiff's interpleader cause of action is not recognized or cognizable under Florida law which, in this diversity action, applies to determine the substantive rights of the parties.

1

In support of this motion, the defendant relies upon her memorandum of law filed herewith.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

This interpleader action brought under Fed.R.Civ.P 22 by the plaintiff, Federal Insurance Company (Federal), arose out of the crash of a Piper aircraft in Zephyrhills, Florida. The crash caused the death of the pilot, Scott Long, and the two passengers on board, Cami Copeland and Tina Copeland Stallings. Citrus Aviation, Inc. (Citrus Aviation), an entity insured by Federal, owned and maintained the aircraft. Not only did the crash occur in Florida, Citrus Aviation, all decedents on board the aircraft, and all of the decedents' representatives are Florida residents.

 Despite Florida's exclusive connection to this action and the absence of a Federal question, the plaintiff has chosen to eschew Florida state court and to commence this interpleader action in Federal court. Although our Federal system—given the presence of complete diversity in this case—permits the plaintiff to commence this action in Federal court, it cannot avoid the application of Florida law to the substantive rights of the parties.

Under Florida law, Federal's interpleader action is not, as a matter of law, recognized as a viable cause of action. Florida law does not permit Federal to (1) force the multiple tort claimants seeking the policy limits to interplead and litigate between themselves their respective rights to the policy proceeds; (2) to enjoin the claimants from commencing an action against Federal or Citrus Aviation for the harm they have sustained;, and (3) to discharge Federal from all liability under the policy. Therefore, because Flordia law precludes Federal's cause of action, the complaint must be dismissed.

**II.     FEDERAL'S COMPLAINT**

Federal's claim to subject-matter jurisdiction in this case is correctly based upon diversity of citizenship. Federal's complaint alleges the following:

- On October 23, 2009, the subject Piper aircraft crashed on an emergency approach to Zephyrhills Municipal Airport in Zephyrhills, Florida. All three occupants of the aircraft perished. (Exhibit A: Plaintiff's Complaint at ¶s 10-11).

- The aircraft was owned and operated by Citrus Aviation. (Id. at ¶ 10).

- Citrus Aviation was insured under a liability policy issued by Federal Insurance Company with a policy limit of $1,000,000 for each occurrence. (Id. at ¶ 9).

- All three representatives of the estates of the decedents made a demand to settle their respective claims for the policy limits of $1,000,000. (Id. at ¶s 12-14, 20).

- Federal is contractually obligated to pay the policy proceeds to one or more of the defendants, each of whom have a viable claim for damages under the policy against Citrus Aviation. (Id. at ¶ 21).

- On March 2, 2010, Federal arranged a "global mediation" with all claimants in an attempt to reach an agreement to apportion the policy limits between them. An agreement was not reached. (Id. at ¶ 16-16).

- Federal alleges that the "mediation has resulted in an impasse and FEDERAL is now in the position of addressing competing and/or conflicting claims by the Defendants, together with threats of bad faith claims and lawsuits being pursued by one or more of the Defendants." (Id. at ¶ 17).

- Because Federal is subject to conflicting and competing claims for the policy proceeds from three claimants and "multiple liability," it has filed this "Interpleader Action." (Id. at ¶ 22).

- Federal is a "mere stakeholder" and is "ready, willing and able to pay to each of the appropriate Parties the appropriate portion of the proceeds as the Court shall designate." (Id. at ¶ 23).

- Federal has filed a motion requesting that it be allowed to the deposit into the Court its full policy limits. (Id. at ¶ 24).

- As relief, Federal asks this Court (1) to order the defendants to litigate or settle their respective rights to the policy proceeds; (2) to enjoin the defendants from commencing any claim against Federal or Citrus Aviation seeking to recover the policy proceeds; (3) to discharge Federal from "all further liability under, arising from or relating in any manner" to the policy; and (4) to award it attorney's fees for this action. (Id. at ¶ 24).

### III.  STANDARD OF REVIEW

To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that it plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1968-69 (2007). All facts must be accepted as true and construed in a light most favorable to the plaintiff. *Id.* at 1964-65. However, dismissal is required if, assuming the truth of the factual allegations in the plaintiff's complaint, there is a dispositive issue of law that precludes relief. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

### IV.  ARGUMENT

#### A. FLORIDA LAW APPLIES TO DETERMINE THE SUBSTANTIVE VIABILITY OF FEDERAL'S INTERPLEADER ACTION

Whether commenced under Rule 22 or statutory interpleader under 28 U.S.C. § 1335, the substantive rights of the parties to an interpleader action commenced in Federal court under diversity of citizenship jurisdiction is governed by the law of the forum State. *Wachovia Bank Nat'l Association v. Tien,* 534 F.Supp.2d 1267, 1284 (S.D.Fla. 2007)(federal interpleader actions

4

are "merely a special brand of diversity jurisdiction" and the determination of the substantive rights of the parties to the action are governed by State law). See *Atlin v. Sec.-Conn. Life Ins. Co.,* 788 F.2d 139, 142 (3rd Cir. 1986)("Although federal interpleader is rooted in equitable grounds, use of that procedure does not justify a diversity court's rejection of controlling state substantive law"). Whether Federal's interpleader complaint sets forth a plausible or cognizable cause of action under Rule 22 or 28 U.S.C. § 1335 is matter of substantive law. Therefore, Florida law applies on that issue.[1]

### B. FEDERAL'S COMPLAINT DOES NOT SET FORTH A VIABLE CAUSE OF ACTION UNDER FLORIDA LAW

Under the holding in *Hernandez v. Travelers Ins. Co.,* 356 So.2d 1342 (Fla. 3rd DCA 1978), Federal's interpleader complaint must be dismissed. In *Hernandez,* the court considered whether Florida recognized the exact interpleader action brought by Federal in this case. The court held that Florida did not recognize or permit the action as a matter of law.

Like this case, the insurer in *Hernandez* (Travelers) received multiple claims against an insured for injuries to several claimants caused by the insured's negligence. Unable to apportion the policy limits amongst the several claimants, Travelers commenced an interpleader action against all claimants seeking the identical relief sought by Federal in this case. Specifically, Travelers sought an order (1) requiring the claimants to litigate the amount of the policy they should receive; (2) discharging it from all liability under the policy to all claimants; (3) restraining the claimants from commencing an action against it for recovery of the policy proceeds; and (4) awarding it attorney's fees and costs. *Id.* at 1343. The court in *Hernandez*

---

[1] Section 1335 permits an insurer in possession of money in excess of $500 to bring an action of interpleader if two or more adverse claimants of diverse citizenship are claiming the policy proceeds. See *Wachovia Bank Nat'l Association v. Tien,* 534 F.Supp.2d 1267, 1283-1284 (S.D.Fla. 2007).

held that Traveler's interpleader action was not cognizable under Florida law. Citing *Paul v. Harold Davis, Inc.,* 155 Fla. 538, 20 So.2d 795 (1945), and *Manchester Indem. Co. v. Mathews,* 312 So.2d 777 (Fla.2d DCA 1975), the court reasoned that:

> The purpose of an interpleader is not to prevent the risk of two recoveries being made but rather to prevent the vexation of two suits. … [W]hen an … insurance company has potential liabilities in varying amounts to several other individuals, the reason for interpleader does not exist. The individual having the liability [the insurance company] may be convenienced but the prospective claimants will not be so convenienced because the claimants are deprived of the right to pursue their own claims and are forced into antagonistic positions with the other claimants. The courts may well find it more convenient to try the claims separately than to deal with the hodgepodge that the enjoining of separate suits might create.
>
> The plaintiff insurance company has only the derivative liability from its insured. One of its liabilities is to defend its insured in the courts. It may not discharge that liability by depositing a sum of money and saying to the courts, 'divide it up.' If the defendants were all claiming the proceeds of a single fund and liability could exist as to only one of the claimants, an interpleader would be appropriate. In the present cause, one action cannot determine the entire controversy and liability may exist as to more than one claimant. *Id.* at 1344.

This reasoning is equally applicable here. Citrus Aviation's liability is not limited to only one claimant. Rather, as Federal admits, it exists as to all claimants. Therefore, just as the court in *Hernandez* dismissed Travelers' interpleader action, Federal's complaint must also be dismissed.

Additionally, the extent of damages recoverable against Citrus, Federal's insured, may well be in excess of the policy limits. Although Federal may not be liable to pay any proceeds above the policy limits (absent "bad faith"), Federal is still obligated to defend its inured and cannot discharge its obligations through interpleading its policy. Further, Federal cannot, as a matter of Florida law, take away the various parties' rights to proceed against Citrus for damages above its policy limits through an interpleader.

## V.    CONCLUSION

For all the above reasons, the defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be allowed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Dennis M. O'Hara, Esq., 515 E. Las Olas Boulevard, SunTrust Center, Suite 1400, PO Box 14460, Ft. Lauderdale, FL 33302 and Jonathon B. Trohn, Esq., 1701 South Florida Avenue, Lakeland, FL 33803. I further certify that I mailed the foregoing document by first class mail to Dennis O'Hara, Esq., and Jonathon B. Trohn, Esq. and to Stuart R. Fraenkel, Esq., 707 Wilshire Boulevard, Suite 4100, Los Angeles, CA 90017-3613.

    Respectfully submitted by,
    Proly, Laporte and Mulligan, P.A.,

    /s/Craig A. Laporte
    Craig A. Laporte
    Attorney for Defendant, Robin Willis, as
    Personal Representative of the Estate of
    Thomas Scott Long
    Florida Bar No.: 372511
    Oak Trail Professional Center
    11914 Oak Trail Way
    Port Richey, FL 34668
    Tel:   800-273-8303
    Fax:  727-862-8386
    Email: craig@accidentshappenatty.com