UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


FEDERAL INSURANCE COMPANY,
an Indiana Corporation,

      Plaintiff,

v.                             CASE NO.: 8:10-cv-00591-JDW-AEP

ROBERT STALLINGS, as Personal
Representative of the ESTATE OF TINA
COPELAND STALLINGS, a Florida
decedent; MATT COPELAND, as
Personal Representative of the
ESTATE OF CAMI COPELAND,
a Florida decedent; and ROBIN WILLIS,
as Personal Representative of the
ESTATE OF THOMAS SCOTT LONG,
a Florida decedent,

      Defendants.
_____/

## MATTHEW COPELAND'S MOTION TO DISMISS "COMPLAINT FOR RULE 22 INTERPLEADER" (AND SUPPORTING MEMORANDUM OF LAW)

Defendant, MATTHEW COPELAND, as Personal Representative of the ESTATE OF CAMI NICOLE COPELAND, deceased, moves to dismiss the "Complaint for Rule 22 Interpleader" filed by FEDERAL INSURANCE COMPANY, and would set forth as grounds the following:

### Statement of Facts

On October 23, 2009, a horrible airplane crash occurred near Zephyrhills, Florida. A little girl named CAMI NICOLE COPELAND was killed. CAMI NICOLE COPELAND was

the only passenger who had no direct ties to either the operation and maintenance of the aircraft, or to the company which owned and maintained the aircraft, or to the shareholders, officers, or directors of the company which purportedly owned and managed the aircraft operation.  The second occupant of the aircraft who was killed was THOMAS SCOTT LONG - the pilot (who was flying the aircraft at the time of the crash at the request of ROBERT STALLINGS (who was the sole shareholder, officer, director, and manager of Citrus Aviation, Inc.)).  Finally, the third occupant of this aircraft who was killed was TINA COPELAND STALLINGS (who was (a) the mother of CAMI NICOLE COPELAND, and (b) the former wife of MATTHEW COPELAND, and (c) the then current wife of ROBERT STALLINGS - the manager and sole shareholder of Citrus Aviation, Inc.).

This journey involved a relatively short trip from the Gainesville area to the Lakeland area.  During the trip (and as the aircraft headed south), the pilot reported "engine failure."  The plane subsequently crashed in a wooded area and the aircraft was consumed in flames.  The NTSB investigation continues to this day.

Currently, there exists multiple contested issues in the case as to liability, causation, and damages.  Investigations continue to determine the full extent of the liability and fault of Citrus Aviation, Inc., as well as the liability and fault of the deceased pilot himself.  Further investigation continues to determine additional personal and corporate liability on the part of additional defendants including ROBERT STALLINGS, Piper Aircraft, Lycoming Engines, and more.

Some time ago, Plaintiff, FEDERAL INSURANCE COMPANY, advised all of the parties that it had a single insurance policy in effect which provided coverage for Citrus Aviation, Inc.  It is not known whether there is additional coverage on Citrus Aviation, or the

pilot, or the company which was owned by the pilot, or on ROBERT STALLINGS, individually and as the manager of Citrus Aviation, Inc.  In an attempt to try to throw in its underlying or primary coverage of a purported $1,000,000 policy, FEDERAL INSURANCE COMPANY has now attempted to file this interpleader action and simply wash its hands of the whole matter, while completely and utterly failing to perform its duties and responsibilities to its insureds and failing wholly in its responsibilities directed towards the person or persons or estates who/which might be proper and legitimate claimants under these circumstances.

Defendant, MATTHEW COPELAND, as Personal Representative of the ESTATE OF CAMI NICOLE COPELAND, deceased, moves to dismiss this Complaint for Interpleader pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  This interpleader action is inappropriate under these circumstances.  In Florida, an insurance company may not discharge its obligations by depositing a sum of money and saying to the courts just "divide it up."  An interpleader action is appropriate when the stakeholder may be liable to only one of the claimants.  The fact that an insurance company may be liable to multiple claimants will not expose it to "double or multiple liability" as to a single claimant.  See *Hernandez v. Travelers Insurance Company*, 356 So.2d 1342 (Fla. 3d DCA 1978).

The substantive rights of the parties to an interpleader action filed in federal court and pursuant to diversity of citizenship jurisdiction is to be governed by the law of the forum state. *Wachovia Bank Nat'l Association v. Tien*, 534 F.Supp.2d 1267 (S.D. Fla. 2007).  Whether this interpleader complaint of FEDERAL INSURANCE COMPANY sets forth a viable cause of action - it is a matter of substantive law and, thus, Florida law applies.  In accordance with the doctrine as set forth in *Hernandez v. Travelers Insurance Company*, 356 So.2d 1342 (Fla. 3d DCA 1978), this interpleader complaint should be dismissed.

It is respectfully requested that the Court enter an Order dismissing this interpleader action with prejudice.

Respectfully submitted,

/s/ John F. Romano
JOHN F. ROMANO
Florida Bar No. 175700
Counsel for Defendant, Matt Copeland,
as Personal Representative of the Estate
of Cami Copeland
Romano Law Group
Post Office Box 21349
West Palm Beach, FL   33416-1349
Tel:  (561) 533-6700
Fax:  (561) 533-1285
E-mail: john@romanolawgroup.com

ANTHONY T. LEON
Florida Bar No. 974552
Leon Law, P.A.
16 Dodecanese Boulevard
Tarpon Springs, FL   34689-3118
Tel:  (727) 942-0330
Fax:  (727) 942-3909
E-mail: tarponlaw@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2010, I electronically filed the foregoing Matthew Copeland's Motion to Dismiss "Complaint for Rule 22 Interpleader" (and Supporting Memorandum of Law) to the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: DENNIS M. O'HARA, ESQUIRE, ROBERT C. BAUROTH, ESQUIRE, JORDAN S. COHEN, ESQUIRE, BRIAN W. SCHAFFNIT, ESQUIRE, Wicker, Smith, O'Hara, McCoy & Ford, P.A., Attorneys for Federal Insurance Company, 515 East Las Olas Boulevard, SunTrust Center, Suite 1400, Post Office Box 14460, Fort Lauderdale, FL 33302; JONATHAN B. TROHN, Valenti, Campbell, Trohn, Tamayo & Aranda, P.A., Attorneys

4

for Defendant, Robert Stallings, as Personal Representative of the Estate of Tina Copeland

Stallings, 1701 South Florida Avenue, Lakeland, FL 33803; and CRAIG A. LAPORTE, ESQUIRE,

Proly, LaPorte and Mulligan, P.A., Attorneys for Robin Willis, as Personal Representative of the

Estate of Thomas Scott Long, Oak Trail Professional Center, 11914 Oak Trail Way, Port Richey,

FL 34668.

/s/ John F. Romano_____
JOHN F. ROMANO