UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL INSURANCE COMPANY,

    Plaintiff,

vs.                                               Case No. 8:10-cv-591-T-27AEP

ROBERT STALLINGS, as Personal
Representative of the ESTATE OF
TINA COPELAND STALLINGS, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' motions to dismiss (Dkts. 6, 8, 11) and Plaintiff's response in opposition (Dkt. 13). Plaintiff filed an amended motion to deposit funds into the registry of the Court (Dkt. 3). Defendants have not responded to the motion. Upon consideration, the motions to dismiss are DENIED, and the motion to deposit funds into the Court registry is GRANTED.

*Background*

In October 2009, an airplane crashed while attempting an emergency landing at a municipal airport in Zephyrhills, Florida. All three occupants perished. Each of their estates demanded payment from a $1,000,000 liability insurance policy carried by the owner of the aircraft. Faced with competing demands that exceeded the policy limits, the aircraft owner's insurer, Federal Insurance Company, filed this interpleader action pursuant to Fed. R. Civ. P. 22. Defendants moved to dismiss, arguing that interpleader is not appropriate.

*Analysis*

A complaint is subject to dismissal where the factual allegations fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). Defendants argue that Federal cannot maintain an interpleader action because it faces potential liabilities to

multiple claimants. Defendants rely on *Hernandez v. Travelers Ins. Co.*, 356 So. 2d 1342 (Fla. 3d DCA 1978). In *Hernandez*, the court dismissed an interpleader action filed pursuant to Fla. R. Civ. P. 1.240 because "an essential prerequisite to an interpleader is that the stakeholder 'should actually be liable to only one of the claimants.'" 356 So. 2d at 1344 (quoting *Paul v. Harold Davis, Inc.*, 20 So. 2d 795, 796 (Fla. 1945)). Under Florida law, "the reason for interpleader does not exist" where "an individual (in this case an insurance company) has potential liabilities in varying amounts to several other individuals." *Id.*

*Hernandez* is not controlling, however, because Federal filed this action in federal court pursuant to Fed. R. Civ. P. 22. In diversity cases, where "a federal statute or rule of procedure is on point, the district court is to apply federal rather than state law." *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1307 (11th Cir. 2002) (citing *Hanna v. Plumer*, 380 U.S. 460, 469-70 (1965)). In contrast to Florida law, federal interpleader is proper where an insurance company faces potential liabilities to multiple claimants. *See, e.g., State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967) (interpleader action proper where vehicle collision exposed insurance company to liability to multiple persons);[1] *Travelers Indem. Co. v. Greyhound Lines, Inc.*, 377 F.2d 325, 326-27 (5th Cir. 1967) (same);[2] *Metropolitan Prop. & Cas. Ins. Co. v. Shan Trac, Inc.*, 324 F.3d 20, 22-23 (1st Cir. 2003) (same); *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 588-89 (D.C. Cir. 1993) (interpleader action appropriate where insurance company received competing claims that were not mutually exclusive, and "proper course" was "to distribute the limited fund on a ratable basis").

---

[1] *Tashire* was an interpleader action under 28 U.S.C. § 1335. Statutory interpleader differs from Fed. R. Civ. P. 22 insofar as § 1335 contains different diversity, venue, and service of process requirements. The interpleader statute does not apply where, as here, all claimants have the same citizenship. § 1335(a)(1); *see Underwriters at Lloyd's v. Nichols*, 363 F.2d 357, 361 (8th Cir. 1966). Notwithstanding, "the interpleader acts and Rule 22 are so similar in construction [that] case precedents arising under the [interpleader] acts" are relevant to cases brought only under Rule 22. *Nichols*, 363 F.2d at 361; *see Empire Fire & Marine Ins. Co. v. Crisler*, 405 F. Supp. 990, 993 (S.D. Miss. 1976) (applying *Tashire* in action brought under Fed. R. Civ. P. 22); *Preferred Risk Mut. Ins. Co. v. Greer*, 289 F. Supp. 261, 263 (D.S.C. 1968) (same).

[2] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Defendant Copeland argues that there are unresolved issues concerning liability, causation, and damages. Copeland appears to suggest that interpleader is not proper until the estates have reduced their claims to judgment. This argument was rejected in *Tashire*. *See* 386 U.S. at 531-33.

Defendants Stallings and Willis argue that they cannot be enjoined from prosecuting liability claims against the aircraft's owner in the forum of their choice. The Court agrees. *See id.* at 535. However, Federal only seeks to enjoin actions to recover the policy proceeds, not the underlying liability claims. *See id.* (injunction proper to the extent it "restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself"). Interpleader is therefore proper under Fed. R. Civ. P. 22.

*Conclusion*

Accordingly, Defendants' motions to dismiss (Dkts. 6, 8, 11) are **DENIED**. Plaintiff's motion to deposit funds into the Court's registry (Dkt. 3) is **GRANTED**. Within thirty (30) days of this order, Plaintiff shall deposit into the registry of the Court the proceeds of insurance policy number 9957-0819-02, in the amount of $1,000,000.00, plus applicable interest.

**DONE AND ORDERED** this 4th day of May, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record