65622-7

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:10-cv-00591-JDW-AEP

FEDERAL INSURANCE COMPANY, an Indiana corporation,

    Plaintiff,

vs.

ROBERT STALLINGS, as Personal Representative of the ESTATE OF TINA COPELAND STALLINGS, a Florida decedent; MATT COPELAND, as Personal Representative of the ESTATE OF CAMI COPELAND, a Florida decedent; and ROBIN WILLIS, as Personal Representative of the ESTATE OF THOMAS SCOTT LONG, a Florida decedent,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR DISCHARGE

COMES NOW, Plaintiff, FEDERAL INSURANCE COMPANY ("FEDERAL"), pursuant to the Federal Rules of Civil Procedure, and files this Motion for Discharge, and in support thereof states as follows:

1. FEDERAL initiated the subject lawsuit by filing its Complaint, which was served on counsel for the interpleader Defendants on March 15, 2010. [D.E. #1]. Thereafter, FEDERAL filed an Amended Motion to Deposit Funds Into the Registry of the Court. [D.E. #3].

2. Motions to Dismiss were filed by Defendants, ROBERT STALLINGS, as Personal Representative of the ESTATE OF TINA COPELAND STALLINGS ("STALLINGS") on April 6, 2010 [D.E. #6], MATT COPELAND, as Personal Representative of the ESTATE OF CAMI COPELAND ("COPELAND") on April 19, 2010 [D.E. #11], and ROBIN WILLIS, as


CASE NO. 8:10-cv-00591-JDW-AEP

Personal Representative of the ESTATE OF THOMAS SCOTT LONG ("LONG") on April 13, 2010 [D.E. #8].

3. On May 4, 2010, this Court entered an Order denying the Defendants' respective Motions to Dismiss and ordering FEDERAL, by June 3, 2010, to "deposit into the registry of the Court the proceeds of insurance policy number 9957-0819-02, in the amount of $1,000,000.00, plus applicable interest."[D.E. #14].

4. Answers were filed by STALLINGS on May 18, 2010 [D.E. #17], WILLIS on May 21, 2010 [D.E. #19], and COPELAND on May 24, 2010 [D.E. #20].

5. All Defendants have now been served and have answered in this case, with each claiming entitlement to the proceeds of insurance policy number 9957-0819-02, in the amount of $1,000,000.00.

6. In response to FEDERAL'S request for clarification [D.E. #15], on May 25, 2010, this Court entered an Order ruling that there is no applicable interest which has accrued upon the $1,000,000.00 proceeds of insurance policy number 9957-0819-02. [D.E. #21].

7. Pursuant to the Court's Order, FEDERAL deposited a cashier's check in the amount of $1,000,000.00 into the registry of the Court on May 28, 2010. [D.E. # 22] This amount represents the proceeds of insurance policy number 9957-0819-02, with no interest due or owing.

8. FEDERAL, as a disinterested interpleader Plaintiff, respectfully requests that it now be discharged from this lawsuit where it has deposited the interpled funds pursuant to the Court's Order. FEDERAL has no further interest in this Court's adjudication of entitlement and/or allocation between or amongst the three (3) Defendants to the interpled funds.

CASE NO. 8:10-cv-00591-JDW-AEP

WHEREFORE, Plaintiff, FEDERAL INSURANCE COMPANY, respectfully prays for the following relief:

    a.    This Court, pursuant to 28 U.S.C. §2361, 28 U.S.C. §2283 and 28 U.S.C. §1651, temporarily enjoin Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action for the recovery of any of the proceeds of Policy Number 9957-0819-02 and, upon final order, permanently enjoin and restrain Defendants, their agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, from instituting or pursuing any state or federal court action against FEDERAL for the recovery of any of the proceeds of Policy Number 9957-0819-02 issued by FEDERAL;

    b.    This Court discharge FEDERAL from this lawsuit;

    c.    This Court discharge FEDERAL from making any other payments under the liability coverage part of Policy Number 9957-0819-02 as that policy coverage limit has been expended; and

    d.    This Court award FEDERAL attorney's fees and costs associated with interpleading this matter, which are generally awarded in the Court's discretion. *See Prudential Insurance Company of America v. Boyd*, 781 F. 2d 1494 (11th Cir. 1986)(*citing Perkins State Bank v. Connolly*, 632 F. 2d 1306, 1311 (5th Cir. 1980); and

    e.    Any and all such other and further relief as this Court deems appropriate in equity or at law.

3

CASE NO. 8:10-cv-00591-JDW-AEP

WE HEREBY CERTIFY that on June 15th, 2010, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

> WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
> Attorney for Plaintiff, Federal Insurance Company
> 515 E. Las Olas Boulevard
> SunTrust Center, Suite 1400
> P.O. Box 14460
> Ft. Lauderdale, FL 33302
> Phone: (954) 847-4800
> Fax: (954) 760-9353
>
> By:   /s/ Jordan S. Cohen
> Dennis M. O'Hara
> Florida Bar No. 148434
> dohara@wickersmith.com
> Robert C. Bauroth
> Florida Bar No. 277940
> rbauroth@wickersmith.com
> Jordan S. Cohen
> Florida Bar No. 551872
> jcohen@wickersmith.com

4